OPINION
Defendant, Jonathan Phillips, appeals from a judgment classifying him a sexual predator.
Jonathan Phillips was convicted in 1989 of two counts of rape and two counts of gross sexual imposition. The victims were the children of Phillips' oldest sister; two nieces and a nephew, ages ten, six and five. The trial court sentenced Phillips to concurrent terms of imprisonment totaling five to twenty-five years.
On March 24, 2000, a sexual offender classification hearing was held. The State presented as evidence four documents: the House Bill 180 screening instrument prepared by a probation officer; a report from the correctional institution dated May 5, 1997, which indicated that Phillips had completed four programs while in prison; a psychological evaluation of Phillips prepared in 1989; and the original presentence investigation report prepared in 1989. The State rested without presenting any testimony.
Phillips testified that he has been in prison for about twelve years and is thirty-seven years old. He has no other criminal record except for the 1989 offenses. At the time he committed those offenses, Phillips had an alcohol abuse problem, but for the past eight years he has been attending treatment programs and going to weekly AA meetings, off and on.
At his trial, Phillips maintained that he had been falsely accused of these crimes. He expressed no guilt or remorse, saying the mother of these victims was "crazy" and had encouraged her children to fabricate stories about sexual abuse. Phillips is no longer in denial, however, and now accepts responsibility for his actions and the personal choices he made in committing these crimes.
While in prison Phillips successfully completed the Magellan sex offender treatment program. Phillips stated that he has learned empathy for his victims, and he understands that he must avoid those things that trigger his inappropriate sexual behavior, such as alcohol, pornography, isolation and depression.
Phillips has also completed the "Cage your Rage" program, which taught him how to better deal with his emotions. Phillips obtained his GED, and is considering taking college courses. Since he has been in prison Phillips has not had any disciplinary problems. Phillips chooses not to look at pornographic material even though it is readily available to prisoners. Phillips testified that over the past twelve years he has learned much about himself and how to better handle his problems. Phillips does not believe that he would reoffend because he would seek out help and intervention before reaching that point.
At the conclusion of the hearing the trial court determined that the evidence presented was sufficient to demonstrate by clear and convincing proof that Phillips is likely to engage in the future in one or more sexually oriented offenses, and the court designated Phillips a "sexual predator." In reaching its conclusion the trial court put heavy emphasis upon certain "high risk" factors: that the victims were three young children, Phillips' nieces and a nephew, who were sexually abused over a one to two month period of time.
From the trial court's designation of him as a sexual predator, Phillips has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT'S DECISION DESIGNATING APPELLANT A SEXUAL PREDATOR, AS DEFINED BY R.C. 2950.01(E), IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 SECOND ASSIGNMENT OF ERROR THE COURT ABUSED ITS DISCRETION IN DESIGNATING APPELLANT A SEXUAL PREDATOR.
In adjudicating Phillips a sexual predator, the trial court must find by clear and convincing evidence that Phillips has been convicted of or pleaded guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). That requires the trial court to make a determination more intuitive than it is rational, notwithstanding the "risk" factors set out in R.C. 2950.09(B). Several of those factors are facially neutral and of little help in making the prediction the trial court must make. Others, more pertinent to the issue, operate as presumptions which a defendant may rebut. Both the passage of time since the offense and the measures a defendant has taken to shed the motivations which caused him to commit the offense are relevant to rebut the factors which presume a higher risk for recidivism.
Phillips argues that the trial court's finding that he "is likely to engage in the future in one or more sexually oriented offenses" is against the manifest weight of the evidence and constitutes an abuse of discretion, in view of the unrebutted evidence he presented that he has been rehabilitated in the twelve years since these crimes occurred.
A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way. State v. Bradley (October 2, 1997), Champaign App. No. 97-CA-03, unreported.
An "abuse of discretion" connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980),62 Ohio St.2d 151.
 Without doubt, Phillips' testimony at the hearing about his rehabilitation and the treatment he has received for his alcohol abuse and sexual offending behavior, if accepted as true, weighs against a finding that he is likely to engage in the future in additional sexual offenses. However, the trial court had the opportunity to observe Phillips' demeanor where he testified. As the trier of facts, the trial court has broad discretion to determine the credibility of the witnesses and the weight to be given to their testimony. State v. DeHass (1967), 10 Ohio St.2d 230.
The only evidence presented at the hearing which demonstrates that since these offenses occurred Phillips has been rehabilitated and is now a completely different person, was the testimony by Phillips himself, which it can be argued is self-serving. There was no other evidence to corroborate his claims. On the other hand, the documentary evidence presented by the State chronicles some of the objective facts and circumstances surrounding these offenses: the multiple victims, their tender ages, their familial relationship to Defendant Phillips, and the fact that this sexual abuse had been going on for some period of time.
In reaching its conclusion the trial court considered all relevant factors. Some of those factors demonstrate a lower risk of recidivism, that Phillips is not likely to commit future offenses. These include the lack of any other criminal record, the rehabilitation Phillips has achieved by attending various programs during his twelve years in prison, and his successful completion of a treatment program for sexual offenders. Other factors considered by the trial court demonstrate a higher risk for recidivism, that Phillips is likely to commit future offenses. These include Phillips' alcohol abuse problem and the fact that his treatment for same has never been tested outside of prison, the fact that these offenses involved a pedophile type of situation with an uncle having parental control or authority over his young nieces and nephew, the number of victims involved (three), their tender ages (ten, six and five), and the fact that Phillips' inappropriate sexual behavior had been going on for some period of time.
As trier of facts the trial court acted within its discretion in assigning the weight it thought appropriate to each factor. The trial court then weighed the factors, concluding that the factors showing a higher risk for recidivism outweighed the factors showing a lower risk. Under these circumstances, we cannot conclude that the trial court's actions were arbitrary, unreasonable or unconscionable, that is, an abuse of discretion.
Neither can we say that in finding Phillips to be a sexual predator the trial court lost its way, that the evidence weighs heavily against such a finding, or that a manifest miscarriage of justice has resulted. The trial court's designation of Phillips as a sexual predator is neither an abuse of discretion nor against the manifest weight of the evidence.
Both assignments of error are overruled. The judgment of the trial court will be affirmed.
FAIN, J. and KERNS, J., concur.
Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.